### FIDELIA PITKIN *vs.* CITY OF SPRINGFIELD.

When a highway had been illegally laid out and damages awarded for the land taken, and the location and assessment of damages had been declared valid by a statute, which also extended the time during which one aggrieved might have a jury, a petitioner, taking advantage of such extension of time, and representing that she was aggrieved by the appraisal of damages, applied for a jury, and at the trial contended that the damages were to be assessed according to the value of the land at the time the statute took effect. *Held*, that the damages were to be assessed according to the value of the land at the time of the location; that by applying for a jury under the statute she had admitted the validity of the location, and that the question of the constitutionality of the statute was not open.

APPEAL, by the petitioner, from a judgment of the Superior Court, accepting a verdict for damages occasioned by the laying out of a street over the petitioner's land.

On the second Tuesday of April, 1871, the petitioner presented her petition to the county commissioners, representing that the board of aldermen of the city of Springfield, August 3, 1868, had laid out and established an extension of Dwight Street over her land ; that May 31, 1869, they had awarded to her damages ; that she was aggrieved by the appraisal of damages, and praying that a jury might be ordered to reconsider and reäward them.*

At the trial the petitioner asked for a ruling that the jury should find the value of the land May 25, 1870, the time when St. 1870, c. 278, took effect ; but the jury were instructed that in estimating the damages the petitioner had sustained, they should find the value of the land taken, at the time it was in fact taken, in 1868.

*G. Wells*, for the petitioner. The proceedings in the case are not in the nature of an appeal from the findings of the board of aldermen, but are original proceedings taken to ascertain the damage sustained by the plaintiff, and have no relation to the findings or the matters determined by that board. The true

---

* In the case of *Day* v. *Springfield*, 102 Mass. 310, it was decided the proceedings of the board of aldermen of the city of Springfield in locating certain streets were void.

Afterward, May 25, 1870, St. 1870, c. 278, was passed, which provides as follows :

" SECTION 1. The doings of the board of aldermen of the city of Springfield, since the seventeenth day of June in the year eighteen hundred and sixty-seven in locating, widening, changing the grade of, or otherwise altering the following streets in said city, to wit : Townsley Avenue, Grant Street, King Street, Dwight Street, Willow Street, Morris Street, Linden Street, Loring Street, Congress Street, Maple Street and Osgood Street, and the award and payment of damages therefor, are hereby ratified and confirmed, so far that every such location, widening, change of grade or other alteration, award and payment of damages shall be deemed valid and legal.

" SECTION 2. Any party aggrieved by any such award of damages may have a jury to determine the same, upon application therefor, as now provided by law, within one year after this act shall take effect.

" SECTION 3. This act shall take effect from and after its passage."

rule of damages is the value of the land, at the time it was legally taken from the plaintiff for the public use. *Parks* v. *Boston*, 15 Pick. 198. This was not prior to the passage of St. 1870, *c.* 278. Up to that time the land was the petitioner's, and the public had no rights in it, and whatever rights the public now have, if any, in the land, are by virtue of that act, and not of any proceedings of the board of aldermen. The Legislature have not authority to take, or authorize the taking of land, at a period prior to the passage of the act which gives the authority to take it. If it was the purpose of the statute to legalize and make valid the original taking of the plaintiff's land, by the board of aldermen, as of the time when it was attempted to be taken, to the extent of limiting the rights of the parties to what they would have been had that taking been valid, then the statute is unconstitutional and void. *Denny* v. *Mattoon*, 2 Allen, 361.

*W. L. Smith*, for the respondent.

GRAY, C. J. The only taking of land, alleged in the petition or appearing by the record, was by the location of the highway in 1868. The St. of 1870, *c.* 278, did not authorize any new taking, but declared the location already made and the assessment of damages therefor by the board of aldermen to be valid, and extended the time of applying for a jury to determine the damages. The petitioner, by applying for a jury under this statute, admitted the validity of that location, and his damages were rightly estimated as of the date thereof. The question of the constitutionality of the St. of 1870 is not open to him in these proceedings. *Judgment accepting the verdict affirmed.*