CHARLES W. SAUNDERS *vs.* CITY OF LOWELL.

Middlesex. March 18. — Sept. 6, 1881. LORD, DEVENS & ALLEN, JJ.,
absent.

A city, which has located, built and maintained a sewer, as laid out by an order of the board of aldermen, through the land of a person, cannot, at the trial of a petition by such person for an assessment of his damages, avail itself of an omission in the order of the boundaries and measurements, even if they are required by the ordinances of the city to be stated in such order.

PETITION to the county commissioners for a jury to assess damages caused by the respondent in laying out and maintaining a sewer under and through the land of the petitioner. At the trial, before a sheriff's jury, the petitioner offered in evidence a resolution passed by the board of aldermen of the respondent city on July 9, 1878, laying out the sewer through the petitioner's land, and evidence that a sewer had been built through said land, under the direction of the proper committee of the respondent. The respondent denied that the resolution laying out the sewer was a legal laying out; and asked the sheriff to rule that no sewer had been legally laid out through the land of the petitioner so as to entitle him to maintain his petition. The sheriff so ruled; and directed a verdict for the respondent. The verdict was returned to, and accepted by, the Superior Court; and the petitioner appealed to this court. The terms of the resolution of the board of aldermen sufficiently appear in the opinion.

*J. G. Abbott,* ( *C. G. Saunders* with him,) for the petitioner.

*E. R. Hoar,* ( *G. F. Lawton* with him,) for the respondent.

ENDICOTT, J. It appears in this case that the board of aldermen of the city of Lowell laid out the sewer, which is the subject of this controversy, through the land of the petitioner, under the authority conferred by the revised charter of the city of Lowell. St. 1875, *c.* 173, § 27. This section provides that, when any land or real estate shall be taken, the proceedings shall be the same as in the laying out of highways or streets; and the ordinances of the city of Lowell in relation to the laying out of streets require, among other things, that the boundaries and measurements of the street laid out, and the names of the

owners of all lands included therein, shall be stated in the report laying out the same.

The order of the board of aldermen states the point of beginning, the names of the owners of the lands through which the sewer passes, and the several courses it takes to the point of termination; while streets and passageways are mentioned which assist in determining its location. It seems to have been sufficiently definite to enable the city to construct it, thereby waiving or disregarding the omission of the boundaries and measurements; for, after this laying out by the board of aldermen, the city entered upon the land of the petitioner, and actually constructed the sewer before the filing of this petition. It is objected by the respondent, that the sewer was not legally laid out through the land of the petitioner, because the resolution of the board of aldermen laying it out does not state the boundaries and measurements thereof. The petitioner makes no objection to this omission.

Without considering how far the ordinance in relation to the laying out of streets is applicable to § 27 of the revised charter, we are of opinion that the city, having located, built and maintained the sewer, as laid out by the board of aldermen, through the land of the petitioner, cannot avail itself of the omission in the order of the boundaries and measurements. In *Haskell* v. *County Commissioners*, 9 Gray, 341, it was decided that, when a city has taken land and actually constructed a highway over it, it cannot object that no notice was given of the purpose to locate, nor that the names of the owners of the land were not stated in the laying out; citing the Rev. Sts. *c.* 24, § 77, which is reënacted in the Gen. Sts. *c.* 43, § 76. It has been repeatedly held that the owner of land, taken under the provisions of a statute, may maintain a petition for his damages as soon as the land is actually entered upon and taken, and before a description of the same has been filed in the public records as provided by law. *Moore* v. *Boston*, 8 Cush. 274. See also *Bennett* v. *New Bedford*, 110 Mass. 433; *Pitkin* v. *Springfield*, 112 Mass. 509; *Ætna Mills* v. *Waltham*, 126 Mass. 422–425.

*Verdict set aside.*