## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

JOHN C. BARNES *vs.* MAYOR OF CHICOPEE & another.

Hampden.    September 24, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Civil Service. Police. Municipal Corporations. Constitutional Law. Statute,*
  *Construction.   Police, District and Municipal Courts.   Judgment.*

St. 1911, c. 468, which extends the provisions of the civil service law to chiefs of
  police and city marshals of certain cities and towns, is constitutional.

The principal provisions of R. L. c. 19, known as the civil service act, are consti-
  tutional, without regard to the validity of the provisions relating to veterans'
  preference, which are distinct and severable from the rest of the statute.

In St. 1911, c. 468, which provides for the extension of the civil service law to the
  chief of police or city marshal in certain cities and towns, the provision of § 3,
  that the act shall be submitted to the voters of the cities or towns to which it is
  applicable and shall take effect in any such city or town only upon its accept-
  ance by a majority of the voters voting thereon, is constitutional.

The acceptance by a city of St. 1911, c. 468, providing for the extension of the
  civil service law to the chief of police or city marshal of certain cities and  towns,
  makes applicable to the city marshal of the accepting city the provision of St.
  1906, c. 210, St. 1907, c. 272, that "Every police officer now holding or here-
  after appointed to an office classified under the civil service rules of the Com-
  monwealth, in any city, and whether appointed for a definite or stated term, or
  otherwise, shall hold such office continuously during good behavior."

The provision of St. 1906, c. 210, St. 1907, c. 272, that "Every police officer
  now holding or hereafter appointed to an office classified under the civil
  service rules of the Commonwealth, in any city, and whether appointed for
  a definite or stated term, or otherwise, shall hold such office continuously
  during good behavior," is not restricted in its application to police officers
  who were appointed in accordance with the civil service rules, but applies

to every person holding such an office at the time it became classified, however he was appointed.

On a petition for a writ of mandamus ordering the reinstatement of the petitioner as city marshal of a city that had accepted St. 1911, c. 468, after St. 1911, c. 624, had taken effect, it appeared that the petitioner had been removed by the mayor of the city after a hearing, and that within ten days thereafter he had brought a petition under St. 1911, c. 624, in the police court having jurisdiction, upon which it was found by that court that the order of the mayor removing the petitioner was made without proper cause, such order was reversed and an order was made that the petitioner be reinstated. St. 1911, c. 624, provides that such a decision of the police court "shall be final and conclusive upon the parties." *Held,* that on the petition for a writ of mandamus the correctness of the decision of the police court was not open to review.

PETITION, filed on June 3, 1912, for a writ of mandamus commanding the respondent Rivers, as the mayor of Chicopee, to reinstate the petitioner as city marshal in place of the respondent Walsh.

The case was heard by *Hammond,* J., who ruled that a writ of mandamus should issue, and at the request of the respondent Rivers reported the case for determination by the full court.

St. 1911, c. 468, of which the title is stated in the opinion, is as follows:

"Section 1. The provisions of chapter nineteen of the Revised Laws, entitled 'Of the Civil Service', and all acts in amendment thereof and in addition thereto, and the civil service rules made thereunder, and all acts now or hereafter in force relating to the appointment and removal of police officers, shall apply to the superintendent, chief of police or city marshal in all cities except Boston, and in all towns that have accepted, or may hereafter accept, the provisions of said chapter nineteen.

"Section 2. All acts and parts of acts inconsistent herewith are hereby repealed.

"Section 3. In cities to which it is applicable this act shall be submitted to the voters at the next annual state election; in towns to which it is applicable it shall be submitted to the voters at an annual town meeting; and in either case it shall take effect in any such city or town upon its acceptance by a majority of the voters voting thereon; otherwise it shall not take effect in any such city or town."

St. 1911, c. 624, of which the title is stated in the opinion, is as follows:

"Section 1. Every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, except members of the police department of the city of Boston, of the police department of the metropolitan park commission, and except members of the district police, whether appointed for a definite or stated term, or otherwise, who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, may, after a public hearing, as provided for by section two of chapter three hundred and fourteen of the acts of the year nineteen hundred and four, as amended by chapter two hundred and forty-three of the acts of the year nineteen hundred and five, and within ten days after such hearing, bring a petition in the police, district or municipal court within the judicial district where such person resides, addressed to the justice of the court and praying that the action of the officer or board in removing, suspending, lowering or transferring him may be reviewed by the court, and after such notice to such officer or board as the court may think necessary, it shall review the action of said officer or board, and hear the witnesses, and shall affirm said order unless it shall appear that said order was made by said officer or board without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated in his office. The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties.

"Section 2. This act shall take effect upon its passage."

*R. J. Talbot,* (*T. A. McDonnell* with him,) for the respondent Rivers.

*J. P. Kirby,* (*E. A. McClintock* with him,) for the petitioner.

RUGG, C. J. This is a petition for a writ of mandamus to reinstate the petitioner in the office of city marshal of the city of Chicopee. The petitioner was appointed to that office in January, 1911, and served until February 15, 1912, when after a hearing he was removed by the respondent Rivers, who was mayor of the city of Chicopee. The petitioner within ten days thereafter brought a petition in the Police Court of Chicopee praying that the action of the mayor be reviewed, upon which it was found that the order of the mayor removing the petitioner was without proper cause, and it was reversed and the petitioner ordered reinstated. The

respondent Rivers refused to recognize this order of the court. The petitioner rests upon St. 1911, c. 468, entitled "An Act to extend the provisions of the civil service act to chiefs of police of certain cities and towns," and St. 1911, c. 624, entitled "An Act relative to removals, suspensions and transfers in the civil service." The constitutionality of these acts is attacked and their meaning is involved.

1. The constitutionality of these acts cannot be doubted. The office of city marshal of a city has been regarded in a large number of instances and for many years as appointive, and not elective. The Constitution does not establish it as an elective office, and does not fix its tenure. It is an office described by various names and created by law with differing provisions as to appointment, removal and length of term dependent upon divers statutes enacted for, or upon ordinances and by-laws adopted by the several cities and towns. It is within the power of the Legislature to lengthen or shorten the tenure of such an office or to place its incumbents under operation of the civil service law. *Taft* v. *Adams*, 3 Gray, 126. *Opinion of the Justices*, 165 Mass. 599, 601. *Graham* v. *Roberts*, 200 Mass. 152, 157. The general principle of the civil service law was approved as constitutional in *Opinion of the Justices*, 138 Mass. 601. Its provisions have been enforced in many cases without question. See, for example, *Ransom* v. *Boston*, 192 Mass. 299; *Garvey* v. *Lowell*, 199 Mass. 47; *McCarthy* v. *Emerson*, 202 Mass. 352, and cases cited elsewhere in this opinion. It is not necessary to consider whether there is any merit in the contention directed against the veteran preference provisions of the civil service act, as these are distinct and severable from the rest of the statute, and no question respecting them is involved here. *Goldstein* v. *Connor*, 212 Mass. 57. See *Brown* v. *Russell*, 166 Mass. 14; *Opinion of the Justices*, 166 Mass. 589.

2. Whether the tenure of office of a city marshal of a particular city shall be during good behavior or from year to year is a matter of local concern, and not of universal interest. The provision that St. 1911, c. 468, should take effect in cities and towns only upon acceptance by the voters is constitutional and in accordance with long continued practice. *Graham* v. *Roberts*, 200 Mass. 152, 157, and cases there cited. *Prince* v. *Crocker*, 166 Mass. 347, 360. Therefore, the statute became operative in the city of Chicopee

upon its acceptance at the annual State election of 1911. Section 1 made applicable "to the superintendent, chief of police or city marshal in all cities except Boston" the provisions of R. L. c. 19 and all acts in amendment thereof and in addition thereto (which relate to the civil service) and all rules made under the authority of such statutes. The statute in force in 1911 respecting tenure of office was St. 1906, c. 210, as amended by St. 1907, c. 272, section 1 of which provides that "Every police officer now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, in any city, and whether appointed for a definite or stated term, or otherwise, shall hold such office continuously during good behavior."

3. The effect of these statutes was to make the tenure of the heads of police departments thereby affected one during good behavior and to change the pre-existing term. The acceptance of St. 1911, c. 468, at the annual election by the voters of any city was the equivalent of a legislative determination that the offices therein described became classified under the civil service rules of the Commonwealth within the meaning of those words as used in St. 1906, c. 210, St. 1907, c. 272. It was plainly within the power of the Legislature thus to add offices to the classified list. The respondent has argued ingeniously that the language of the statute to the effect that every city marshal "now holding . . . an office classified under the civil service rules" means holding under an appointment received in accordance with civil service rules. But the fair meaning of the words used is that the person holding the office at the time it becomes classified, however appointed, continues to hold the office under the new tenure. This being the significance of the statute, it is of no consequence that the petitioner was appointed to the office before it was added to the classified list, and hence without complying with the requirements of the civil service law. The test fixed by the statute is the holding of the office, and not the method of appointment. *Lattime* v. *Hunt*, 196 Mass. 261. *Logan* v. *Mayor & Aldermen of Lawrence*, 201 Mass. 506.

4. St. 1911, c. 624, took effect upon its passage on July 3, 1911. It was a part of the law of the Commonwealth when St. 1911, c. 468, took effect by acceptance by the voters of Chicopee. The decision of the Police Court of Chicopee by the terms of § 1 of

c. 624, "shall be final and conclusive upon the parties." The correctness of the conclusion of that court is not open to review in a proceeding of this sort. *Dow* v. *Casey,* 194 Mass. 48.

*Writ to issue.*