MARGARET P. CAHALAN *vs.* DEPARTMENT OF MENTAL HEALTH.

Hampden.   September 21, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Feeble-minded Person. Constitutional Law,* Assertion of constitutional rights.

By the bringing of a petition under § 89A of G. L. (Ter. Ed.) c. 123, for a hearing in the Probate Court "to establish that further custody or supervision" of a person committed to the custody or supervision of the department of mental diseases under § 66A "is not required for the welfare of" such person "or the public," the petitioner admitted, and therefore could not in such proceeding question, the constitutionality of § 66A.

PETITION, filed in the Probate Court for the county of Hampden on April 27, 1939.

After a hearing by *Stapleton, J.,* a decree was entered dismissing the petition.

*G. H. Madsen,* for the petitioner.

*P. A. Dever,* Attorney General, & *W. J. Landergan,* Assistant Attorney General, for the respondent, submitted a brief.

Cox, J. The petitioner, as a "friend" of Mary Margaret Wallace, "brings this petition under" G. L. (Ter. Ed.) c. 123, § 89A "for a hearing in the Probate Court of the county where said Mary Margaret Wallace resided or was found when first committed to establish that further custody or supervision is not required for the welfare of said Mary Margaret Wallace or the public; and prays that notice issue to said parties, and that the court set a time for hearing and for such orders or decrees as to this court shall seem just in the premises." In the petition, which is assented to by Mary Margaret Wallace, it is alleged, among other things, that on October 8, 1931, the said Wallace was committed to the custody of the department of mental diseases of the Commonwealth by a judge of probate. Notice issued upon the petition, which, after a hearing, was dismissed. The petitioner seasonably claimed an appeal to this court. The judge reported the material facts. G. L. (Ter. Ed.) c. 215, § 11. He found that the said Wallace, who was born on November 8, 1910, was duly committed to the department of mental health on October 8, 1931, under the provisions of G. L. (Ter. Ed.) c. 123, §§ 66 and 66A. He also found that she was a feeble-minded person within the meaning of G. L. (Ter. Ed.) c. 123, § 66, and that the "present restrictions are beneficial to her . . . that it might be detrimental to the best interests or welfare of the public and to Mary Wallace as an individual to discharge her as prayed for or to release her from the restrictions of G. L. (Ter. Ed.) c. 207, § 5." The evidence is not reported, and we cannot say that the subsidiary findings that are reported require different conclusions from those reached by the trial judge.

The petitioner contends that the limitation placed on the liberty of the said Wallace by the original order of the Pro-

bate Court is without due process of law, and that the section of the statute under which the present petition was brought does not provide for due process; and also that the trial judge was not warranted in the conclusions reached in that, as we understand it, the Legislature has no power to authorize the custody or supervision of feeble-minded persons "against whom the only complaint is that they are deficient in intellectual capacity." Section 45 of said c. 123, as amended by St. 1938, c. 486, § 17, provides that three of the State schools shall each maintain a school department for the instruction and education of feeble-minded persons who are within the school age or who, in the judgment of the superintendent, are capable of being benefited by school instruction, and a custodial department for the care and custody of feeble-minded persons beyond the school age or not capable of being benefited by school instruction. Said § 66, among other things, provides that if a judge of probate finds that a person is a proper subject for the schools named in said § 45, he may commit him thereto, and said § 66A, among other things, provides that if "an alleged feeble minded person" is found, upon examination by a physician qualified as provided by § 53 of said c. 123, to be a proper subject for commitment, the judge of probate may, upon application, commit him to "the custody or supervision of the department" of mental health. Said § 89A, among other things, provides that any parent, guardian, relative or friend of a person committed to the custody or supervision of the department of mental "diseases" may file a petition for a hearing in the Probate Court "to establish that further custody or supervision is not required for the welfare of such person or the public," and § 89B of said c. 123, as amended by St. 1938, c. 254, § 1, among other things, provides that if, at said hearing, the contention of the petitioner is sustained, the Probate Court may order the immediate discharge of such person.

In our opinion it is not open to the petitioner to attack the constitutionality of those parts of the statute of which she complains. Her petition, assented to by the said Wallace, is allegedly brought under one of these very sections

which affords the petitioner, as an alleged friend of the said Wallace, the opportunity to have a hearing in the Probate Court for the purpose of establishing that further custody or supervision is not required.

There was no commitment to any of the State schools, and notwithstanding the statement of the trial judge that the said Wallace was committed to the department under the provisions of §§ 66 and 66A, we are not required to pass upon the constitutionality of § 66 inasmuch as that section does not bear upon the issue to be decided. *Lufkin* v. *Lufkin*, 182 Mass. 476, 479; see 192 U. S. 601. The judge may have had in mind that the provisions of said § 66 relative to notice should be read in connection with said § 66A. We express no opinion as to the relation of these two sections.

Said § 66A, under which the said Wallace was committed to the custody or supervision of the department, and said § 89A, under which the present petition was brought, were enacted as sections of the same statute. See St. 1921, c. 441, §§ 1, 2; St. 1924, c. 88, §§ 1, 2. It is assumed that the interests of the said Wallace and the petitioner are the same so that the petitioner is not debarred from contending against the validity of this statute upon the ground that her own constitutional rights are in no way affected by it. See *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 205. But the bringing of the petition under said § 89A must be taken as an admission by the petitioner of the validity of the commitment under said § 66A. The petitioner asks, in accordance with the statute, for a hearing provided for by it to establish that the custody or supervision heretofore found necessary in accordance with that statute is no longer required. In these circumstances it is not open to her to question the constitutionality of the statute. *Pitkin* v. *Springfield*, 112 Mass. 509. *Moore* v. *Sanford*, 151 Mass. 285, 287. *Gordon* v. *Richardson*, 185 Mass. 492, 495. See *Daley* v. *District Court of Western Hampden, ante,* 86, 90–91, 92–93.

The judge states in his findings that the said Wallace

"desires that this petition be granted in order that she may contract a legal marriage and that she may be free from the restrictions placed upon her by the department." G. L. (Ter. Ed.) c. 207, § 5, among other things, provides that an insane person, an idiot, or a feeble-minded person under commitment to an institution for the feeble-minded, to the custody or supervision of the department of mental diseases, or to an institution for mental defectives, shall be incapable of contracting marriage. For the reasons already stated we do not think it is open to the petitioner in this proceeding to contest the validity of this section of the statute. The single question presented by this record is whether the probate judge erred in refusing to discharge the said Wallace from the custody or supervision of the department. The validity of this section of the statute has no bearing upon whether the said Wallace should be continued in custody, subject to the provisions of said § 89B, or discharged.

As already pointed out, it cannot be said upon this record that the judge's conclusions were wrong. The result is that the decree dismissing the petition is affirmed.

*Ordered accordingly.*