MARIAN C. NICHOLS & others *vs.* COMMISSIONER OF PUBLIC WELFARE & others.

Suffolk.   February 3, 1942. — February 25, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Public Welfare.   Civil Service.   Department of Public Welfare.   Old Age Assistance.   Dependent Child.   Municipal Corporations,* Officers and agents, Public welfare.   *Constitutional Law,* Waiver of constitutional rights, Assertion of constitutional rights, Political subdivisions, Public employment, Ratification of unauthorized act, Obligation of contracts, Due process of law, Equal protection of laws.   *Public Officer.*

There was nothing in G. L. c. 118, as appearing in St. 1936, c. 413, § 1, or in c. 118A, as appearing in St. 1936, c. 436, § 1, authorizing the commissioner of public welfare to promulgate rules extending the civil service laws to municipal employees, not already subject thereto, engaged in the administration of programs of aid to dependent children and old age assistance, or authorizing the civil service department to conduct an examination to effectuate those rules; but unauthorized action of that character by the two departments was subsequently validly ratified by St. 1941, c. 402.

A town welfare agent who participated in and enjoyed the benefits of the merit system, established by unauthorized action of the commissioner of public welfare and the civil service department and ratified by St. 1941, c. 402, was not entitled to contend that that statute was unconstitutional.

Citizens whose private interests were not involved in any way were not entitled to assert that a certain statute unconstitutionally impaired the contractual rights of another and deprived him of due process of law and of the equal protection of the laws; but they were entitled to contend that the statute unconstitutionally denied citizens an equal opportunity to secure public employment and arbitrarily discriminated in favor of certain employees already in the public service.

Statute 1941, c. 402, extending the civil service to certain municipal public welfare positions and ratifying action to that end of the public welfare and civil service departments, was not unconstitutional as arbitrarily preferring the incumbents of such positions over others seeking appointment thereto by relieving the incumbents of the necessity of meeting certain qualifications required of the others.

PETITION, filed in the Superior Court on June 20, 1941.

The case was heard by *Giles,* J.

*E. O. Proctor*, for the petitioners.

*J. Lewiton*, Assistant Attorney General, (*N. A. Levine*, Assistant Attorney General, with him,) for the respondents.

RONAN, J. This is a petition for mandamus to have the rules promulgated, as of April 15, 1940, by the commissioner of public welfare and the examinations conducted thereunder by the director of civil service declared null and void. The petition was heard in the Superior Court upon an auditor's report and oral testimony. The judge ordered the petition dismissed. The petitioners alleged exceptions to the denial of requests for rulings and to the order. Two intervening petitioners have waived their exceptions.

The social security act provided for grants of Federal funds to the States for the purpose of furnishing old age assistance and aid to dependent children, but no State was entitled to receive such grants until it had adopted a plan for the administration of such assistance, approved by the social security board which was in charge of the administration and enforcement of this act of Congress. U. S. C. (Sup. V) Title 42, §§ 301, 601. The Legislature, in order to enable this Commonwealth to receive these grants, enacted St. 1935, c. 494, which authorized the department of public welfare to coöperate with the appropriate Federal authorities in order to receive the benefits of the grants. In the next year a new chapter 118, dealing with aid to dependent children, and a new chapter 118A, dealing with old age assistance, were inserted in General Laws by St. 1936, c. 413, § 1, and St. 1936, c. 436, § 1, respectively. The social security act was amended in 1939 so as to require on and after January 1, 1940, that State plans should provide that employees engaged in old age assistance and aid to dependent children programs should be put upon a merit basis. U. S. C. (Sup. V) Title 42, §§ 302, 602. The civil service laws and rules then in effect in this Commonwealth applied only to such employees in cities and to those in towns of more than twelve thousand population that had adopted these laws. Only four towns had adopted these civil service laws in respect to their employees generally,

while three more had voted to place the office of agent under the classified civil service.

The commissioner of public welfare promulgated rules, as of April 15, 1940, for a merit system for all employees engaged in the administration of old age assistance and aid to dependent children programs in towns where such employees were not already in the classified service; and, in pursuance of said rules, an examination was conducted by the civil service department. All persons receiving the passing grade of seventy per cent were to be appointed under the merit system rules to the positions they then held, and those not receiving said grade were to be discharged from their positions and the vacancies filled by competitive examinations. This examination was open to all who by training, experience and age were eligible according to the provisions of said rules, but those then engaged in such employment were not required to meet the minimum qualifications of training and experience or the age limitation, but they were required to meet the passing requirement of seventy per cent in the written test. The examination papers were corrected but no grades were announced until September 5, 1941.

Statute 1941, c. 402, was passed and became effective as an emergency law four days after the present petition was filed. This statute extended the scope of the civil service laws to include the positions of persons, other than members of boards of public welfare, employed in cities and towns on old age assistance or aid to dependent children programs. It ratified the establishment of the merit system rules promulgated by the commissioner of public welfare and the holding of an examination by the director of civil service, and provided that persons so employed on April 15, 1940, who took and passed said examination, should thereafter have unlimited tenure in accordance with the civil service laws, and that the positions of those who failed in said examination should be deemed vacant.

The petitioners excepted to the denial of their requests to the effect that the action of the commissioner of public welfare in establishing said rules and the action of the di-

rector of civil service in conducting the examination were unauthorized.

The department of public welfare was empowered by G. L. c. 118, as appearing in St. 1936, c. 413, § 1, and G. L. c. 118A, as appearing in St. 1936, c. 436, § 1, to exercise broad powers of supervision over the activities of local agencies and to make rules relative to the administration of aid to dependent children and old age assistance. See G. L. c. 118, § 5, and c. 118A, § 10, as so appearing. There is nothing in these sections nor in any other provisions of law that authorized the commissioner of public welfare to extend the civil service laws to the employees in question, although he was apparently acting in good faith in an attempt to prevent a cessation of Federal grants at a time when the Legislature was not in session. But the exigencies of the situation did not generate any power other than that conferred upon him by law. The action taken by him and the director of civil service was without support in law at the time this petition was filed. *Boston, Worcester & New York Street Railway* v. *Commonwealth*, 301 Mass. 283. *Antoun* v. *Commonwealth*, 303 Mass. 80. *George A. Fuller Co.* v. *Commonwealth*, 303 Mass. 216. *Furlong* v. *Ayers*, 305 Mass. 455. *Sheils* v. *Commonwealth*, 306 Mass. 535. The positions included in the classified civil service and the application of civil service laws to cities and towns were matters within the province of the Legislature, G. L. (Ter. Ed.) c. 31, and amendments, and the operation of these laws could not be extended by the administrative action of the commissioner of public welfare. *Commonwealth* v. *Turner*, 1 Cush. 493. *Cox* v. *Segee*, 206 Mass. 380. *Commonwealth* v. *Drew*, 208 Mass. 493. *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121. *Commonwealth* v. *McFarlane*, 257 Mass. 530. *Borggaard* v. *Department of Public Works*, 298 Mass. 417. *Commonwealth* v. *Johnson Wholesale Perfume Co. Inc.* 304 Mass. 452.

Even if the action of the commissioner of public welfare was unauthorized, the petitioners would not be entitled to prevail if St. 1941, c. 402, validated such action. The Legislature may confirm, adopt and ratify the acts of a public

officer in excess of his authority if the Legislature could have originally granted such authority to the officer, provided vested rights are not impaired by such subsequent legislation. *Spaulding* v. *Nourse,* 143 Mass. 490. *Warren* v. *Street Commissioners of Boston,* 187 Mass. 290. *Morse* v. *Street Commissioners of Boston,* 197 Mass. 292. *Adams* v. *Townsend Schoolhouse Building Committee,* 245 Mass. 543. *Gray* v. *Salem,* 271 Mass. 495. *Ryder* v. *Lexington,* 303 Mass. 281. *United States* v. *Heinszen & Co.* 206 U. S. 370. *Graham* v. *Goodcell,* 282 U. S. 409. *Isbrandtsen-Moller Co. Inc.* v. *United States,* 300 U. S. 139. *Swayne & Hoyt, Ltd.* v. *United States,* 300 U. S. 297. *Silas Mason Co.* v. *Tax Commission of Washington,* 302 U. S. 186.

The petitioners contend that this statute is invalid, and especially that it violates art. 10 of the Declaration of Rights which prevents the sequestration of the property of a citizen; art. 1, § 10, the contract clause of the Constitution of the United States; and the due process and the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

The petitioner Blanchard had a contract of employment with the town of Needham to serve as agent of the board of public welfare for one year which would expire in March, 1942. He took the examination of September 21, 1940, received a passing mark, continued as agent of the board, and now has unlimited tenure as provided by St. 1941, c. 402. He points to no way in which his contract with the town has been impaired. But the short answer to any contention that it was, is that Blanchard elected to participate in the new merit system by taking the examination and receiving a passing mark. The judge was not wrong in finding, as he impliedly did in dismissing the petition, that Blanchard is now enjoying the benefits of the new statute. One cannot accept the benefits of a statute and at the same time deny its validity. It is not open to him to contend that this statute is invalid. *Pitkin* v. *Springfield,* 112 Mass. 509. *Moore* v. *Sanford,* 151 Mass. 285. *Gordon* v. *Richardson,* 185 Mass. 492. *Bogigian* v. *Commissioner of Corporations & Taxation,* 248 Mass. 545. *Opinion*

*of the Justices,* 251 Mass. 569.    *Criscuolo* v. *Department of Public Utilities,* 302 Mass. 438.    *Cahalan* v. *Department of Mental Health,* 304 Mass. 360.

We now deal with the objections of the remaining petitioners to the statute.    Both of these petitioners are private citizens who stand in no other relation to the subject matter of this controversy than to seek the vindication of a public right which, in this instance, is the due execution of the laws of this Commonwealth.    *Brewster* v. *Sherman,* 195 Mass. 222.    *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91.    *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven,* 294 Mass. 570.    *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303.    They neither have nor represent any private interest.    No vested interest of theirs was involved.    *Broadhurst* v. *Fall River,* 278 Mass. 167.    *Police Commissioner of Boston* v. *Boston,* 279 Mass. 577.    *Amory* v. *Assessors of Boston,* 310 Mass. 199.    *Leigh* v. *Commissioner of Public Health & Charities of Lawrence,* 310 Mass. 343.    *Hodges* v. *Snyder,* 261 U. S. 600.    They have no standing to assail the statute on the ground that it impairs the contractual rights of some third person or that it deprives him of due process of law or denies to him equal protection of the law.    They champion no individual rights of such third persons.    *McGlue* v. *County Commissioners,* 225 Mass. 59.    *Horton* v. *Attorney General,* 269 Mass. 503.    *Broadhurst* v. *Fall River,* 278 Mass. 167.    *Morf* v. *Bingaman,* 298 U. S. 407, 413.    *Clark* v. *Paul Gray, Inc.* 306 U. S. 583.

These two petitioners have a right to contend, and they do contend, that the statute arbitrarily discriminates in favor of those already in the public service and denies an equal opportunity to our citizens to secure employment in two important branches of governmental activity.

The Legislature has the power to create offices, establish their tenure, define the eligibility of those seeking such offices, fix their compensation or duties, change the tenure, compensation or duties, and abolish all of such offices other than those provided for in the Constitution.    And this power is not limited to offices intimately connected with the State government but applies to offices that may be created and

maintained for the administration of a branch of municipal government in some particular city or town. *Commonwealth* v. *Plaisted*, 148 Mass. 375. *Prince* v. *Crocker*, 166 Mass. 347. *Chelsea* v. *Treasurer & Receiver General*, 237 Mass. 422. *Sullivan* v. *Lawson*, 267 Mass. 438. *Broadhurst* v. *Fall River*, 278 Mass. 167. *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303. *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484. The Legislature may also delegate to cities and towns in furtherance of the administration of local governmental functions the power to create, maintain and abolish offices and to regulate and control the official conduct of their incumbents. *Taft* v. *Adams*, 3 Gray, 126. *McAuliffe* v. *Mayor & Aldermen of New Bedford*, 155 Mass. 216. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1. *Attorney General* v. *Tufts*, 239 Mass. 458. *Reynolds* v. *McDermott*, 264 Mass. 158. *McNeil* v. *Mayor & City Council of Peabody*, 297 Mass. 499. *Williams* v. *New Bedford*, 303 Mass. 213. The Legislature in the exercise of the broad power entrusted to it by the Constitution may prescribe the qualifications for city and town offices. *Opinion of the Justices*, 138 Mass. 601, 603. *Attorney General* v. *Trehy*, 178 Mass. 186. *Graham* v. *Roberts*, 200 Mass. 152. *Opinion of the Justices*, 303 Mass. 631, 648. *Kidder* v. *Mayor of Cambridge*, 304 Mass. 491. The statute did not unduly restrict the opportunity for securing employment in the public service by freeing the incumbents from the minimum requirements and the age limitation with which all others taking the examination had to comply. Practical experience might be considered as at least equivalent to theoretical knowledge gained by study or acquired by education. The passing mark in the written examination was the same for all. Such a preference was within permissible bounds. *Brown* v. *Russell*, 166 Mass. 14. *Phillips* v. *Metropolitan Park Commission*, 215 Mass. 502. *Rich* v. *Mayor of Malden*, 252 Mass. 213. *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410. It is not unusual when the civil service laws are extended to offices and employments in a city to bring those occupying such offices or engaged in such employments within the classified service

without the requirement of any examinations or further action on their part. *Logan* v. *Mayor & Aldermen of Lawrence,* 201 Mass. 506. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1. *Moloney* v. *Selectmen of Milford,* 253 Mass. 400. *Crimmins* v. *Highway Commission of Brockton,* 304 Mass. 161. A statute that confers a new tenure of office by bringing those who then occupy the office within the classified service is not violative of any provision of our Constitution. *Logan* v. *Mayor & Aldermen of Lawrence,* 201 Mass. 506. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492. *Olivier* v. *Fall River,* 306 Mass. 376.

*Exceptions overruled.*