JOHN DOE *vs.* COMMISSIONER OF MENTAL HEALTH
& another.

Suffolk.    March 10, 1977. — May 10, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Parent and Child.    Attorney at Law,* Access to medical records. *Department of Mental Health.*

A regulation of the Department of Mental Health requiring that an
attorney's request to inspect psychiatric records be accompanied by
the patient's written consent is consistent with the provisions of
G. L. c. 123, § 36 (2). [537-538]

A parent acting as an attorney for his daughter was authorized by
G. L. c. 123, § 36 (2), to inspect his daughter's psychiatric records
in the custody of the Department of Mental Health; the provisions
of § 36 (3) did not authorize the Commissioner of Mental Health to
limit the disclosure mandate of § 36 (2). [538]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on November 27, 1974.

The case was reserved and reported by *Braucher, J.*

*Leonard Rose* for the plaintiff.

*John F. Hurley,* Assistant Attorney General, for the
defendants.

HENNESSEY, C.J.    The plaintiff John Doe (a fictitious
name) brought this action under G. L. c. 249, § 5, and
G. L. c. 231A, § 1, in the Supreme Judicial Court for the
county of Suffolk seeking a court order to compel the
defendants to allow him to inspect the psychiatric records
of his daughter, Jane Doe, compiled while she was a volun-
tary inpatient at the Massachusetts Mental Health Cen-
ter. At issue in this case is the construction to be given
G. L. c. 123, § 36, where a parent seeking access to psy-

chiatric records is also an attorney who stands in an attorney-client relationship with his child.[1]

We briefly review the facts of this case. Jane was hospitalized from approximately June 26, 1972, to approximately January 17, 1973, at which time she was thirteen years of age. Jane is now eighteen years old. After her discharge from the hospital, Mr. Doe repeatedly sought a written report from the hospital staff concerning his daughter's diagnosis, treatment and prognosis. His requests were denied, although the hospital did provide him with some limited information, both orally and in writing.

On September 7, 1974, Mr. Doe formally requested that he be permitted to inspect the hospital records pertaining to his daughter pursuant to G. L. c. 123, § 36, on the basis that he was acting as an attorney for his minor daughter in matters to which her records were relevant and material. He was advised by the general counsel of the Department of Mental Health (department) that Jane would be required to sign a form requesting that he be allowed access to her records as her attorney before such records would be released. Jane executed a power of attorney, authorizing Mr. Doe to gain access to her records, which was deemed insufficient by the department. The department then provided Jane with a standard consent form and represented to her that her father would be allowed to inspect her records if she executed the proper form. The department at the same time notified the hospital that it was "authorized by law" to release copies of Jane's record to Mr. Doe when the consent form was completed and received. After the execution of the consent form, the department again refused access on the basis that Mr. Doe's interest as parent overrode his interest as attorney.

---

[1] Mr. Doe raises numerous additional issues. However, many of these issues concern the rights of patients, claims which Mr. Doe has no standing to raise. His daughter is not a party to this action, and the sole issue before us is the question of his personal right of access. He further contends that, as a parent, he has a constitutional right of access to his child's psychiatric records. We need not reach that issue in the view we take of this case.

Mr. Doe had begun in 1973, subsequent to his attempts in his parental capacity to obtain a written report concerning his daughter, to seek access to his daughter's records as her attorney. An action in which Jane was a plaintiff was filed in 1973 in the United States District Court for the District of Massachusetts. That action was dismissed because of a jurisdictional defect, and the action was again filed in March, 1974, in the United States District Court for the Northern District of Illinois. The action, which is still pending in Illinois, seeks an accounting from the trustees of a trust for Jane and the removal of the trustees for their failure to apply trust funds to provide psychotherapeutic and related care for Jane. In both cases, Mr. Doe was next friend and attorney of record for Jane.

General Laws c. 123, § 36, as amended by St. 1974, c. 348, provides: "The department shall keep records of the admission, treatment and periodic review of all persons admitted to facilities under its supervision. Such records shall be private and not open to public inspection except (1) upon proper judicial order whether or not in connection with pending judicial proceedings, (2) that the commissioner shall allow the attorney of a patient or resident to inspect records of said patient or resident if requested to do so by the patient, resident or attorney, and (3) that the commissioner may permit inspection or disclosure when in the best interests of the patient or resident as provided in the rules and regulations of the department. This section shall govern the patient records of the department notwithstanding any other provision of law."[2]

The department has maintained the position that, since Mr. Doe initially sought information in his capacity as parent, he should be required to seek a court order under § 36 (1) rather than be granted access under § 36 (2) as attorney for his daughter. The statute itself is silent as to which subsection governs where a single individual stands

---

[2] Statute 1974, c. 348, containing the present language of (2) above, substituted the word "shall" for "may."

in the relationship of both parent and attorney to a former patient.

The statute was intended to protect patients from the potentially detrimental impact of disclosure of records to third parties. The Commissioner of Mental Health (Commissioner) has the discretionary power to permit inspection when such disclosure would be in the best interests of the patient. See Regulations of the Department of Mental Health, § 7.03 (regulations).[3] However, such discretion has been removed from the Commissioner where the third party is the attorney for the patient.[4]

Department regulation § 7.03 (b) requires that the attorney's request to inspect be "accompanied by the written consent of the patient or resident if he is competent, of the guardian of such patient or resident if he has been adjudicated incompetent, or the parent or legal guardian of such patient or resident if he is a minor." The plaintiff contends that this regulation is inconsistent with G. L. c. 123, § 36 (2), which provides that the request be made by "the patient ... or attorney." We conclude that the requirement of patient consent is entirely consistent with the legislative intent to protect the privacy interests of patients. The request for inspection by an attorney may be made by the patient or by the attorney with the consent of the patient. Requiring the patient's written consent will not impede legitimate access.

In the case now before us, the department contends that Jane, as a minor, was legally incapable of giving her consent. However, the question of her legal capacity is no longer an issue in this case because she has now reached

---

[3] The Commissioner may require the informed written consent of the patient prior to permitting inspection of an individual record. Regulation § 7.03 (c).

[4] While § 7.03 (b) of the regulations, as amended effective December 5, 1974, appears on its face to maintain the Commissioner's discretion in this context, the department acknowledges that the 1974 amendment to G. L. c. 123, § 36 (2), requires it to provide a duly authorized attorney of a patient with access to that patient's records.

the age of majority.[5] We conclude that if Jane now executes the departmental standard consent form authorizing the disclosure of her records to her attorney, the department must release her records to Mr. Doe. Cf. *Baird* v. *Attorney Gen.*, 371 Mass. 741 (1977). There is no suggestion here that Jane is or may be legally incompetent, and there is no dispute that Mr. Doe is attorney of record for Jane in litigation affecting her interests.

Section 36 (2) creates an explicit mandatory exception to the general statutory rule of nondisclosure. Section 36 (2) does not exclude parent-attorneys, and the discretionary powers granted the Commissioner by § 36 (3) to make exceptions to the general rule of nondisclosure if he determines such disclosure to be in the patient's best interests cannot be read to authorize the application of a best interests standard to § 36 (2). Section 36 (3) authorizes the Commissioner to relax the general nondisclosure mandate of § 36. It does not thereby create an authority to limit the disclosure mandate of § 36 (2).

On the basis of the record before us, we find no support for Mr. Doe's generalized claim that he is entitled to damages.

The case shall be remanded to the single justice to enter a judgment consistent with this opinion.

*So ordered.*

---

[5] Important issues of consent and legal capacity will arise where the patient child is still a minor. To preserve our ability to formulate a workable rule regarding minor consent and the ability of a parent-attorney to consent for a child incapable of giving informed consent, we will not address those issues until a case arises which presents a concrete fact situation in which the parties can address these issues thoroughly.