JANE DOE & others[1] vs. THE GOVERNOR & others.[2]

Suffolk. September 8, 1980. — October 30, 1980.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Pleading, Civil,* Complaint, Amendment. *Practice, Civil,* Parties, Dismissal.

Although a complaint against various State officials and agencies by "the abused and neglected children of the Commonwealth," seeking relief to remedy deficiencies in the Commonwealth's system of protective services for such children, was later amended to identify the plaintiffs by the pseudonyms "Jane Doe" and "Richard Roe" suing individually and on behalf of abused and neglected children, the complaint was defective in its failure to allege any specific grievance of the individual plaintiffs [704-705]; however, where the allegations as to the deficiencies in the system for protective services for which the defendants are responsible suggest that there are some abused and neglected children with specific grievances and where the problem is one of substantial public concern, this court afforded the plaintiffs a further opportunity to reframe their complaint [705-706].

CIVIL ACTION commenced in the Superior Court Department on September 24, 1979.

The case was heard by *Nolan, J.,* on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

The case was submitted on briefs.

---

[1] "Jane Doe and Richard Roe, individually and on behalf of the Abused and Neglected Children of the Commonwealth of Massachusetts, by their next friend, the Massachusetts Committee for Children and Youth, Inc."

[2] Secretary, Executive Office of Administration and Finance; Secretary, Executive Office of Human Services; Commissioner, Department of Public Welfare; Commissioner, Department of Social Services; Assistant Commissioner, Office of Social Services; Civil Service Commission; Administrator, Division of Personnel Administration, Civil Service Commission.

*Edwin A. McCabe, W. Thomas Fagan & Gene K. Landy* for the plaintiffs.

*Francis X. Bellotti,* Attorney General, *& E. Michael Sloman,* Assistant Attorney General, for the defendants.

BRAUCHER, J.  The plaintiffs seek declaratory and injunctive relief to remedy deficiencies in the Commonwealth's system of protective services for abused and neglected children, which is alleged to be "in a state of complete chaos and total disarray."  We hold that their complaint is defective in its failure to allege any specific grievance, but that they should be given a further opportunity to amend the complaint.  We defer consideration of other contentions.

The complaint as originally filed in September, 1979, described the plaintiffs as "the abused and neglected children of the Commonwealth of Massachusetts," but it was amended on November 30, 1979, to identify them by the pseudonyms "Jane Doe" and "Richard Roe," suing individually and on behalf of the abused and neglected children of the Commonwealth, and to allege that the two individual plaintiffs are abused and neglected children under age eighteen, resident in Massachusetts, and that their claims are typical of the claims of such children. Neither the individual plaintiffs nor their grievances are otherwise identified.  The defendants moved to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (1) and (9), 365 Mass. 754 (1974).  The motion was allowed by a judge of the Superior Court, and judgment dismissing the action was entered on December 11, 1979.  The plaintiffs appealed, and we granted their application for direct appellate review.

The amended complaint alleges that the defendants, officials responsible for the delivery of protective services to abused and neglected children, have failed to carry out their responsibilities in violation of the Constitution of the Commonwealth and the applicable statutes and regulations. Among the alleged deficiencies are delays in making critical appointments; inadequate numbers of properly trained case workers, staff, and attorneys; inadequate numbers of case

workers of varied ethnic and racial backgrounds; failure to provide case workers with rudimentary furnishings; sporadic record-keeping; and failure to utilize supporting services. As a result "a substantial number of children have been left without meaningful protection from abuse and neglect." There were illegal delays and failures in investigation, evaluation, home visits, determinations whether children should be removed from the home environment, and provision of appropriate social services. The failures, it is alleged, have exposed abused and neglected children to a substantial risk of continuing harm, and without the relief sought "untold numbers of children . . . will suffer, be maimed, and sometimes die." The complaint sought a declaration of the rights of abused and neglected children, an order that the defendants take necessary steps to conform the system for delivery of protective services to legal requirements, and particularized orders regarding personnel, training, facilities, preventive and remedial services, evaluating supervision, and case management.

The judge gave no reasons for allowing the defendants' motion to dismiss, but the parties argued three grounds, and they argue substantially the same grounds to us: (1) the plaintiffs' lack of "standing," (2) the absence of a justiciable controversy, and (3) a pending action in a Federal court which presents the same issues for judicial resolution. We consider only the first ground.

1. *"Standing."* "From an early day it has been an established principle in this Commonwealth that only persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of the government." *Kaplan* v. *Bowker,* 333 Mass. 455, 459 (1956), and cases cited. This requirement of "standing" is not avoided by a prayer for declaratory relief. See *Massachusetts Assoc. of Independent Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.,* 373 Mass. 290, 292-293 (1977). And if the individual plaintiffs may not maintain the action on their own behalf,

they may not seek relief on behalf of a class. *Britt* v. *McKenney*, 529 F.2d 44, 45 (1st Cir.), cert. denied sub nom. *Burden* v. *McKenney*, 429 U.S. 854 (1976).

The issue of "standing" is closely related to the question whether an "actual controversy" exists, and we have treated it as an issue of subject matter jurisdiction. See *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.*, 378 Mass. 418, 422-423 (1979), and cases cited. Thus it could properly be raised by a motion to dismiss under Mass. R. Civ. P. 12 (b) (1), even though it could also be a basis for dismissal under rule 12 (b) (6) for failure to state a claim upon which relief can be granted. See *Foley* v. *Polaroid Corp.*, *ante* 545, 548 (1980).

The defendants concede that in appropriate cases the judge may permit a plaintiff to proceed under a pseudonym to protect a privacy interest. See, e.g., *Doe* v. *Commissioner of Mental Health*, 372 Mass. 534 (1977); *Jaffe* v. *Sharp*, 463 F. Supp. 222, 224 n.1 (D. Mass. 1978), aff'd and remanded, *Preterm, Inc.* v. *Dukakis*, 591 F.2d 121 (1st Cir.), cert. denied, 441 U.S. 952 (1979); Annot., 8 A.L.R. Fed. 675, 680 (1971). But a plaintiff is not thereby relieved of the requirement that the complaint allege a grievance on the part of a real and specific individual. The complaint before us also lacks specific factual allegations concerning the interest of the individual plaintiffs in the litigation. See *Greenberg* v. *Assessors of Cambridge*, 360 Mass. 418, 421 (1971). We hold that the plaintiffs' amended complaint is defective in its failure to allege injury in fact to a specific, aggrieved individual.

2. *Leave to amend.* The defendants' motion to dismiss was directed at the complaint as originally filed. The motion was allowed and the action dismissed after the plaintiffs had filed an amended complaint. The plaintiffs now contend that the defendants' argument on the motion was not directed to the amended complaint, and they move to strike various portions of the defendants' brief on the ground that they present new arguments not presented in the trial court. We deny the motion to strike, but we think

it best to afford the plaintiffs a further opportunity to re-frame their complaint. See *Charbonnier* v. *Amico,* 367 Mass. 146, 153-154 (1975). The allegations as to the defi-ciencies in the program for which the defendants are responsible strongly suggest that there are some abused and neglected children who have specific grievances, and the in-dividual plaintiffs, if they exist, may be such children. Cf. *NAACP, Boston Chapter* v. *Harris,* 607 F.2d. 514, 523-526 (1st Cir. 1979); *Black* v. *Beame,* 550 F.2d 815, 817-818 (2d Cir. 1977). The problem is one of substantial public concern, and a disposition on technical grounds may not be in the public interest.

3. *Other issues.* In view of our disposition of the "stand-ing" issue, we do not consider whether the plaintiffs will be able to allege a "justiciable controversy." Compare *Blaney* v. *Commissioner of Correction,* 374 Mass. 337 (1978), and *Perez* v. *Boston Hous. Auth.,* 379 Mass. 703 (1980), with *West Broadway Task Force, Inc.* v. *Commissioner of the Dept. of Community Affairs,* 363 Mass. 745 (1973), and *Ad Hoc Comm. on Judicial Administration* v. *Commonwealth,* 488 F.2d 1241 (1st Cir. 1973), cert. denied, 416 U.S. 986 (1974). We also defer consideration of the effect of litiga-tion in other forums. Rule 12(b)(9) of Mass. R. Civ. P. by its terms is applicable only to a prior action "in a court of the Commonwealth." The defendants refer to a State adminis-trative proceeding, but neither the motion to dismiss nor the record before us contains any reference to any such proceed-ing. They also refer to a pending action in the United States District Court for the District of Massachusetts. As to the effect of such an action, see *Director of Civil Serv.* v. *Milton,* 366 Mass. 498, 504 (1974); *Tsongas* v. *Secretary of the Commonwealth,* 362 Mass. 708, 714 (1972); *Lilly* v. *New York, N.H. & H.R.R.,* 295 Mass. 384, 385-386 (1936); *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15, 20 (1917); Annot., 56 A.L.R.2d 335 (1957).

4. *Disposition.* The judgment appealed from is reversed and the plaintiffs will have leave to file an amended com-

plaint in the Superior Court within forty days of the date of the rescript. The defendants may then move or answer according to the rules.

*So ordered.*