BARBARA F.[1] *vs.* BRISTOL DIVISION OF THE JUVENILE COURT DEPARTMENT & another.[2] September 13, 2000. *Practice, Civil,* Standing. *Constitutional Law,* Standing.

Pursuant to G. L. c. 211, § 3, Barbara F. sought emergency relief from a single justice of this court alleging that the order of a judge in the Bristol division of the Juvenile Court against another woman had a "chilling effect" on her constitutional rights. The single justice reserved and reported to the full court the question whether Barbara F. has standing to seek relief from the order of the Juvenile Court judge that had been entered in the case of another woman. For the reasons now stated, we conclude that she lacks standing.

Barbara F., a citizen of Massachusetts, states that she is a woman six months pregnant with a "potentially viable" fetus. The woman against whom the order has entered has not appealed the lawfulness of the order and the correctness of the Juvenile Court's jurisdiction. The order, in pertinent part, requires that the woman "be taken into the custody of this [c]ourt and that she be transferred to a designated facility operated under the auspices of the Commonwealth of Massachusetts which is specifically trained and equipped to address the issues in this case and the needs of the [m]other and the [u]nborn [c]hild at this time. The [c]ourt further Orders that representatives of the Massachusetts State Police assigned to the Bristol County [d]istrict [a]ttorney's [o]ffice escort the [m]other to said facility where, the [c]ourt further Orders, the [m]other to undergo a medical examination by a qualified physician for the following specific purposes: 1. To ascertain the general health of the [m]other; 2. To determine the length and duration of her current pregnancy; 3. To make a determination as to the approximate anticipated date of birth of [the unborn child]; 4. To determine the health and welfare of [the unborn child]; 5. To furnish the [c]ourt with a recommended prenatal treatment plan as deemed necessary by the examining physician." Barbara F. alleges that she is concerned to the extent the judge's ruling may affect her individual rights under the State and Federal Constitutions.

Barbara F. asserts that she often goes to Bristol County and she speculates that she could be restrained against her will if she failed, for example, to obtain appropriate prenatal care or she engaged in behavior that Bristol County law enforcement officials or others felt might possibly cause harm to her unborn child. She asserts there is no other remedy available by which her rights may be protected from the judge's ruling entered against the other woman. Barbara F. asks to be allowed to appeal from the Juvenile Court judge's ruling. She asks that we vacate that ruling and for any other relief deemed appropriate.

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The question of standing is one of critical significance. "From an early day it has been an established principle in this

---

[1]A pseudonym.
[2]The district attorney for the Bristol district.

Commonwealth that only persons who have themselves suffered, or *who are in danger of suffering, legal harm* can compel the courts to assume the difficult and delicate duty [of adjudicating disputes or particular issues]" (emphasis supplied). *Doe* v. *The Governor*, 381 Mass. 702, 704 (1980), quoting *Kaplan* v. *Bowker*, 333 Mass. 455, 459 (1956). If an individual "may not maintain the action on [his or her] own behalf, he or she may not seek relief on behalf of a class." *Id.* at 704-705.

We accept as true Barbara F.'s allegations that she is concerned that she "could be restrained against [her] will if, for example, [she] failed to obtain appropriate prenatal medical care, or if [she] engage[d] in behavior that law enforcement officials in Bristol County or elsewhere believe[] might possibly cause harm to [her] unborn child." That allegation is insufficient to confer standing. "Injuries that are speculative, remote, and indirect are insufficient to confer standing." *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 323 (1998). "To have standing in any capacity, a litigant must show that the challenged action has caused the litigant injury." *Slama* v. *Attorney Gen.*, 384 Mass. 620, 624 (1981). "[T]he complained of injury must be a direct consequence of the complained of action." *Ginther* v. *Commissioner of Ins.*, *supra.* "Not every person whose interests might conceivably be adversely affected is entitled to [judicial] review." *Group Ins. Comm'n* v. *Labor Relations Comm'n*, 381 Mass. 199, 204 (1980).

Barbara F. also cannot properly assert representative standing. "Representative standing is generally limited to cases in which it is difficult or impossible for the actual rightholders to assert their claims." *Slama* v. *Attorney Gen.*, *supra.* That is not the case here. The woman against whom the order has been issued can assert her constitutional and statutory rights. She has thus far not done so. There is no basis on this record to grant Barbara F. representative standing to appeal from a ruling against a person who could, but has chosen not to, appeal.

The case is remanded to the county court where a judgment shall enter dismissing Barbara F.'s petition for lack of standing.

*So ordered.*

The case was submitted on the papers filed.

*Wendy J. Murphy* for the plaintiff.

*Paul F. Walsh, Jr.,* District Attorney, & *Sharon L. Sullivan-Puccini,* Assistant District Attorney, for the District Attorney for the Bristol District.

*John J. Rego* for the unborn child.