Fishman, Kenneth J., J.

INTRODUCTION

The plaintiff, Christopher Chenlen, initially brought this class action against the defendants, Philips Electronics North America, Philips Lighting Company, and Koninklijke Philips Electronics, N.V. (collectively “Philips”), alleging common-law fraud and breach of warranty. The plaintiff amended his complaint to include allegations of fraud/deceit, negligent misrepresentation, breach of express and implied warranty, and violations of G.L.c. 93A, §9, and G.L.c. 266, §91. The defendants now move to dismiss the Amended Complaint pursuant to Massachusetts Rules of Civil Procedure 8(a)(1), 9(b), and 12(b)(5), (6), and (8). After hearing, and for the reasons discussed below, the defendants’ motion is ALLOWED in part, and DENIED in part. In addition, the plaintiff moves to appoint a special process server to serve Koninklijke Philips Electronics, N.V. in The Netherlands. For the reasons discussed below, the plaintiffs motion is DENIED.

BACKGROUND

Koninklijke Philips Electronics N.V. (“KPE”) is a Dutch corporation with a principal place of business in The Netherlands. KPE is the parent company of the overall Philips group, including the other two named defendants, and has operations, divisions, subsidiaries, agents, or affiliates in the United States. Philips Electronics North America (“PENAC”) is a Delaware company with a principal place of business in New York. PENAC is a subsidiary of KPE and acts as KPE’s United States selling arm. Philips Lighting Company (“PLC”) is a division of PENAC and/or KPE with a principal place of business in Somerset, New Jersey. PLC acts as KPE’s and/or PENAC’s United States selling arm for KPE’s lighting products within the broader KPE organization.
Chenlen filed his original class action Complaint against Philips on February 14, 2005, claiming common-law fraud and breach of warranty. On July 14, 2005, Philips moved to dismiss the Complaint based on its failure to set forth any factual allegations that satisfied the minimum pleading standard of Mass.R.Civ.P. 8 or the heightened pleading requirements of Mass.R.Civ.P. 9(b). Thereafter, on August 24, 2005, the plaintiff filed an Amended Complaint claiming fraud/deceit, negligent misrepresentation, breach of express and implied warranty, and violations of G.L.c. 93A, §9, and G.L.c. 266, §91. Chenlen brought these claims on behalf of himself, and on behalf of all others similarly situated “who purchased lighting products (for nonbusiness purposes) that were manufactured, marketed, distributed, or sold by defendants . . . during the period from February 14, 2001 through the present. . .”
Chenlen’s Amended Complaint identifies the various names, models, or collections of the lighting products that Philips manufactures, distributes, and/or sells, and states that he “purchased various [Philips] Lighting Products from the Home Depot.” Further, the Amended Complaint recites the representations made by Philips regarding useful life of three types of lighting products that he purchased.[1]
Specifically, Chenlen alleges that Philips’ representations “(i) through the Internet, (ii) on packaging of the lighting products, (iii) in print television, radio, and point-of-sale advertising, and/or (iv) through its sales presentations and communications to individuals and the retail building industry” about the useful life of the lighting products are false or misleading. Chenlen alleges that Philips’ website states, “(i) rated life refers to the average life of the bulb, (ii) some bulbs will fail before their rated life, and (iii) 50% [of bulbs] will last shorter than rated life.” He further alleges that this information is not disclosed at the point of sale or on the package of the lighting products. Chenlen does not allege that the lighting products he purchased from Philips did not conform to the representations that Philips made about them on their packaging, or that they were not fit for their ordinary purpose.
Chenlen filed an affidavit of service signed by Aaron Michael with regard to service of his original Complaint. The affidavit states that Michael served a copy of the summons and original complaint upon PENAC as agent for KPE by registered certified mail return receipt requested.
After Chenlen filed his Amended Complaint, he attempted to serve it on KPE by International Registered Mail to two business addresses in The Netherlands. Chenlen made a formal request of the USPS to supply delivery information as to these mailings. On October 12, 2005, the USPS informed him that they were unable to locate any delivery information in their records regarding the two mailings. Chenlen contends that the USPS lost these mailings. To date, Chenlen has not filed an affidavit of service of the Amended Complaint on KPE as required by Mass.R.Civ.P. 4(f). On January 9, 2006, Chenlen filed an ex parte motion to appoint a special process server to serve KPE in The Netherlands.

DISCUSSION

A. Motion to Dismiss for Lack of Standing

The threshold issue raised by this motion is whether Chenlen has standing to bring the claims he asserts in his Amended Complaint. To establish his right to sue, Chenlen must show that he is “entitled to have the courts decide the merits of the dispute . . .” Warth v. Seldin, 422 U.S. 490, 498 (1975). “[I]t has been established in this Commonwealth that only *654 persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty [of adjudicating disputes or particular issues].” Barbara F. v. Bristol Div. of the Juvenile Court Dep’t., 432 Mass. 1024, 1024-025 (2000) (emphasis supplied), citing Doe v. The Governor, 381 Mass. 702, 704 (1980), quoting Kaplan v. Bowker, 333 Mass. 455, 459 (1956). “To have standing in any capacity, a litigant must show that the challenged action has caused the litigant injury.” Slama v. Attorney Gen., 384 Mass. 620, 624 (1981) (emphasis added). In a class action setting, “[i]f an individual ‘may not maintain the action on [his or her] own behalf, he or she may not seek relief on behalf of the class.’ ” Barbara F., 432 Mass. at 1025, quoting Doe, 381 Mass. at 704-05.
Here, Chenlen contends that Philips’ representations about the useful life of its lighting products are false and misleading. Philips argues that Chenlen lacks standing on all of his claims because he did not identify the actual lighting products he bought or allege that any of the lighting products which he purchased failed to perform to the full extent of the time referred to in the packaging or that they otherwise malfunctioned in any way. Chenlen’s Amended Complaint sets out the “various names, models, or collections” of the lighting products that Philips “manufactures, distributes, and/or sells,” and alleges that he “purchased various [Philips] Lighting Products from the Home Depot.” Further, he identifies the representations made by Philips regarding useful life of three types of lighting products that he purchased. Thus, Chenlen’s Amended Complaint did in fact specify the lighting products that he purchased. To determine the existence of standing we must look at each of Chenlen’s claims separately.

1.Fraud (Count I) and Negligent Misrepresentation (Count II)

With respect to Chenlen’s standing to bring claims for fraud and negligent misrepresentation, Philips maintains that Chenlen does not have standing because “he has not alleged that any of the products that he purchased have failed to perform as advertised.” For Chenlen to show that Philips’ fraud and negligent misrepresentation caused him injury, he need not show that the products he purchased failed to perform as advertised. He only has to show that he purchased the lighting products about which Philips allegedly made misrepresentations. The Amended Complaint states that Chenlen and the class members “without knowledge of the falsity of the Defendant’s misrepresentations or half-truths and believing them to be true, and in reasonable and justifiable reliance on the truth and completeness thereof, made purchases of the Lighting Products during the Class Period.” Therefore, Chenlen has standing to bring claims for fraud and misrepresentation. Thus, as it relates to Counts I and II, the motion to dismiss for lack of standing is DENIED.

2.Breach of Express and Implied Warranty (Counts III and TV)

In order for Chenlen to show that he has been injured by Philips on his breach of express warranty claim, the goods that he purchased must not have conformed to the affirmation or promise made.[2] Similarly, for Chenlen to show that he was injured by Philips on his breach of implied warranty claim, the goods that he purchased must not have been merchantable or fit for their ordinary purpose.[3] Chenlen does not allege that the lighting products he purchased from Philips failed to conform to the representations that Philips made about them or, that they were not fit for their ordinary purpose. Therefore, Chenlen has not alleged an injury arising from the allegations of breach of express and implied warranty. Accordingly, as to Counts III and IV, the motion to dismiss for lack of standing is ALLOWED.

3.G.L.C. 93A, §9 (Count V)

Sections 2 and 9 of G.L.c. 93A allow any person who has been injured by the unfair or deceptive act of another to bring a claim under the statute. “The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) . . .” G.L.c. 93A, §2(c). Section 2(a) of c. 93A provides that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.”
Chenlen alleges that Philips engaged in false or misleading advertising with regard to the useful life of its lighting products. In his Amended complaint, he identifies four regulations that have been promulgated by the attorney general under c. 93A, §2(c), which identify specific conduct constituting unfair and deceptive practices, and one of which expressly prohibits misrepresentations regarding the life expectancy of a product.[4] Philips claims that, under 940 Code Mass. Regs. 3.00, the attorney general’s regulations are guidelines for purposes of determining whether conduct, terminology or representations involve unfair methods of competition or unfair or deceptive acts or practices, in violation of G-L-c. 93A, §2(a), but that the courts have never held that an alleged violation of a provision of these regulations, standing alone, constituted an injuiy sufficient to confer standing. In light of the Supreme Judicial Court’s decision in Aspinall v. Philip Morris Cos., Inc., 442 Mass. 381 (2004), Philips’ argument is unpersuasive.
In Aspinall, the defendants’ marketing of certain “light” cigarettes as delivering “lowered tar and nicotine” was alleged to have constituted deceptive conduct, in violation of Chapter 93A. The Court “rejected the proposition that the purchase of an intentionally falsely represented product cannot be, by itself, an ascertainable injury under our consumer protection statute.” Id. at 394. The Court held:
*655 A successful G.L.c. 93A action based on deceptive acts or practices does not require proof that a plaintiff relied on the representation, see Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975), or that the defendant intended to deceive the plaintiff, see Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983), or even knowledge on the part of the defendant that the representation was false. See Slaney u. WestwoodAuto, Inc., supra Although our cases offer no static definition of the term “deceptive,” we have stated that a practice is “deceptive,” for purposes of G.L.c. 93A, “if it ‘could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted.’ ”
Aspinall, 442 Mass. at 394, quoting Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 777 (1980), quoting Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979).
Indeed, the Aspinall court found that “advertising need not be totally false in order to be deemed deceptive in the context of G.L.c. 93A.” Id. at 394-95, citing Commonwealth v. AmCam Enters., Inc., 47 Mass.App.Ct. 330, 336 (1990). The Court noted that “[t]he criticized advertising may consist of a half truth, or even may be true as a literal matter, but still create an over-all misleading impression through failure to disclose material information.” Id. at 395, citing Urman v. South Boston Sav. Bank, 424 Mass. 165, 168 (1997); Underwood v. Risman, 414 Mass. 96, 99-100 (1993); Greenery Rehab. Group, Inc. v. Antaramian, 36 Mass.App.Ct. 73, 78 (1994) (“One can violate §2 of G.L.c. 93A ... by failing to disclose to a buyer a fact that might have influenced the buyer to refrain from the purchase”).
The term “injury,” in the context of G.L.c. 93A, denotes “an invasion of a legally protected interest.” Leardi v. Brown, 394 Mass. 151, 160 (1985). Relying on Leardi, the Court in Aspinall held that “the deceptive advertising, ... if proved, effected a per se injury on consumers who purchased the cigarettes represented to be lower in tar and nicotine.” 442 Mass. at 402. The Court concluded that “if the violations of G.L.c. 93A alleged by the plaintiffs are proved, all members of the class of purchasers . . . will have been injured . . . because all purchased ... a product that was deceptively advertised, as a matter of law, because it was falsely labeled or, at least, created [an] over-all misleading impression.” Id.
Here, as in Leardi and Aspinall, Chenlen had a legally protected interest in buying products that were not falsely advertised. Accordingly, the alleged deceptive advertising, in this case, if proved, will effect a per se injury on consumers who purchased the lighting products represented to have longer useful lives than is the case. Therefore, Chenlen has standing to bring the G.L.c. 93A, §9 claim against Philips and the motion to dismiss Count V for lack of standing must be DENIED.

4. G.L.c. 266, §91 (Count VI)

Section 91 of G.L.c. 266 confers standing upon any party aggrieved by any person who falsely advertises merchandise for sale to seek an injunction against said person. Here, Chenlen, having purchased merchandise sold by Philips, which he alleges was falsely advertised, is such an aggrieved person, and thus, has standing to seek an injunction against Philips for violation of this statute. Therefore, the motion to dismiss Count VI. for lack of standing is DENIED.

B. Motion to Dismiss for Failure to Plead Fraud with Particularity

Pursuant to Mass.R.Civ.P. 9(b), Philips moves for dismissal of the Amended Complaint arguing that Chenlen failed to plead fraud with particulariiy. Rule 9(b) requires that the circumstances constituting fraud be stated with particularity.[5] A plaintiff alleging fraud must, at least, “particularize as to the identity of the person making the misrepresentation, the contents of the misrepresentation and where and when it took place. To the extent that he can do so, [the plaintiff] should also specify the nature of the misrepresentation, its materiality, [his] reliance and resulting harm.” James W. Smith & Hiller B. Zobel, Rules Practice §9.3, at 249-50; see also Friedman v. Jablonski 371 Mass. 482, 488-89 (1976).
The Amended Complaint identifies numerous types of lighting products that Philips sells, and alleges specifically the misrepresentations that Philips made regarding their useful life on the packaging of three packages of lighting products that Chenlen purchased. Therefore, the Amended Complaint recites allegations which are sufficient to warn Philips about the particular representations alleged to be fraudulent and enable Philips to prepare its defense. Accordingly, the motion to dismiss Count I for failure to plead fraud with particularity is DENIED.

C. Motion to Dismiss for Failure to State a Claim

Massachusetts Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for a failure to state a claim upon which relief may be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 97-98 (1977), quoting Conley v. Gibson, 355 U.S. 4145-146 (1957). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). To survive a motion to dismiss, the complainant need not advance the correct legal theory but merely must provide a “short and plain statement of the claim showing that the pleader is entitled to relief.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979), quoting Mass.R.Civ.P. 8(a)(1). In assessing amotion to dismiss, the court accepts as true all allegations in the *656 complaint as well as any reasonable inferences drawn thereon. See Gen. Motors Acceptance Corp. v. Abington Cos. Ins. Co.. 413 Mass. 583, 584 (1992); Nader, 372 Mass. at 98. “Doubt or misgivings whether the present claim can be ranked as provable (or even credible),. .. is not a proper basis for dismissal . . .” Wrighton v. Spaulding, 20 Mass.App.Ct. 70, 72, rev. denied, 395 Mass. 1103 (1985). “If a complaint lacks merit, the defendant should take the appropriate steps to cause the matter to be brought within the purview of rule 56(b) . . .” Id.

1.Fraud/Deceit (Count I)

To prove fraud, the plaintiff must show that “(1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and (5) damage directly resulted therefrom.” Equip. & Sys. For. Indus., Inc. v. Northmeadows Constr. Co., Inc., 59 Mass.App.Ct. 931, 931 (2003).
In his Amended Complaint, Chenlen states that Philips made misrepresentations with regard to the useful life of three types of lighting products that he purchased. He also states that Philips intended to induce others to act on those misrepresentations by putting its product out for sale. In addition, Chenlen alleges that Philips knew that its representations were untrue because Philips stated on its website that “some bulbs will fail before their rated life” and “50% [of bulbs] will last shorter than rated life.” Chenlen claims that he relied and acted upon Philips’ representations as to useful life when he purchased the lighting products, and contends that as a result of Philips’ fraud and deceit, he suffered damages, including pecuniary loss for the difference between the actual value and the represented value of the lighting products or the amounts he paid to purchase the lighting products. Accepting all of the allegations as true, Chenlen has stated a claim for fraud and deceit. Therefore, the motion to dismiss Count I for failure to state a claim is DENIED.

2.Negligent Misrepresentation (Count II)

Under Massachusetts law, a defendant is liable for negligent misrepresentation if “in the course of his business . . . [he] supplies false information for the guidance of others in their business transactions, [and such a person] is subject to liability for pecuniary loss caused to [the others] by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.” Fox v. F&J Gattozzi Corp., 41 Mass.App.Ct. 581, 587 (1996), citing Restatement (Second) ofTorts §552(1) (1977); Lawton v. Dracousis, 14 Mass.App.Ct. 164, 171 (1982). Based on the allegations of the Amended Complaint reviewed above, Chenlen has stated a claim for negligent misrepresentation, and the motion to dismiss Count II for failure to state a claim must be DENIED.

3.Violation of G.L.c. 93A, §9 (Count V)

To establish a claim under Section 9 of G.L.c. 93A, the plaintiff must establish (1) that he is a person who is entitled to relief under the terms of the statute, (2) that the defendant used or employed an unfair and deceptive act or practice declared unlawful under Section 2 of the statute, or any rule or regulation issued under it, (3) that at least thirty days before commencing suit the plaintiff sent a demand letter, as required by the statute, to the prospective defendant, and (4) his damages were connected with the unfair and deceptive act. Further, for the plaintiff to show that he is entitled to relief under the statute, he must allege (1) an included transaction[6] that was (2) undertaken primarily for personal, family, or household purposes. Slaney v. Westwood Auto., Inc., 366 Mass. 688, 701 (1975). Because Section 9 protects only consumers, the latter of these two requirements may be inferred by one who asserts rights under that section. Id.
Accepting all of the allegations in the Amended Complaint as true, Chenlen has stated a claim for violation of G.L.c. 93A, §9. Chenlen alleges that he purchased lighting products from Philips, and it can be inferred from his assertion of rights under Section 9 that this purchase was undertaken for personal, family, or household purposes. Therefore, Chenlen sufficiently alleges that he is a person entitled to relief under the statute. Chenlen also maintains that Philips made a misrepresentation of fact regarding the useful life of its lighting products, which constitutes an “unfair and deceptive act or practice” under G.L.c. 93A, §2(a). See Damon v. Sun Co., Inc., 87 F.3d 1467 (1stCir. 1996); Computer Sys. Eng’g, Inc. v. Qantel Corp., 571 F.Sup. 1365 (D.Mass 1983), aff'd, 740 F.2d 59; Glickman v. Brown, 21 Mass.App.Ct. 229 (1985). Further, Chenlen alleges that he was injured and sustained damages by Philips’ unfair and deceptive act. Finally, Chenlen states that he sent a demand letter to Philips as required by G.L.c. 93A, §9.
Therefore, the motion to dismiss CountV for failure to state a claim is DENIED.

4.Violation of G.L.C. 266, §91 (Count VI)

Although G.L.c. 266, §91 does not allow for a private right of action for damages, a person who has been injured by untrue or misleading advertisements may petition to enjoin the person violating the statute from continuing to engage in untrue or misleading advertising. Thornton v. Harvard Univ., 2 F.Sup.2d 89 (D.Mass. 1998). To state a claim under G.L.c. 266, §91, the plaintiff must show that he was injured by the untrue, deceptive, or misleading advertisement of any person who sells merchandise. Chenlen alleges that he was injured by Philips’ untrue, deceptive, and misleading advertisements of the useful life of its *657 lighting products. Accordingly, the motion to dismiss Count VI for failure to state a claim is DENIED.

D. Motion to Dismiss for Insufficient Service of Process

[7]

Pursuant to Mass.R.Civ.P. 12(b)(5), Philips moves for dismissal of the Amended Complaint as to defendant KPE, a foreign corporation, due to insufficient service of process under Mass.R.Civ.P. 4(e).
Under Rule 12(b)(5), the plaintiff bears the burden to establish valid service. Brandi v. Nat'l Bulk Carriers, Inc., 14 Mass.App.Ct. 916, 917 (1982). To dismiss, the court must find that the plaintiff failed to act with due diligence, that the omission resulted in delay of service of process, and that the delay prejudiced the defendant. Ahern v. Warner, 16 Mass.App.Ct. 223, 224 (1983). Thus, Rule 12(b)(5) requires the court to balance the plaintiffs lack of good faith against resulting prejudice to the defendant. Brissette v. Crantz, 23 Mass.App.Ct. 213, 217 (1986).
Here, with regard to the original Complaint, Chenlen filed an affidavit of service signed by Aaron Michael. Michael avers that he served a copy of the summons and complaint upon defendant PENAC, as agent for KPE, by registered certified mail return receipt requested. Chenlen filed his Amended Complaint on August 24, 2005. Based on issues raised in the defendants’ original motion to dismiss, Chenlen states that he attempted to serve the summons and amended complaint on KPE by International Registered Mail to two business addresses in The Netherlands. Chenlen made a formal request of the USPS to supply delivery information as to these mailings. On October 12, 2005, the USPS informed him that it was unable to locate any delivery information in its records regarding the two mailings. Chenlen contends that the USPS lost these mailings, and asks the Court to allow him additional time to serve process on KPE. To this date, Chenlen has not filed an affidavit of service of the Amended Complaint on KPE as required by Mass.R.Civ.P. 4(f).
Philips argues that Chenlen’s Amended Complaint should be dismissed as to KPE because Chenlen did not effect service upon KPE in the time limit required under Mass.R.Civ.P. 4(j).[8] Rule 4(e) of the Massachusetts Rules of Civil Procedure allows for personal service of the summons and complaint outside of the Commonwealth.[9] Rule 4(e)(3) authorizes service by mail with return receipt. If the certified letter is mailed directly to a foreign corporation, however, the Hague Service Convention would apply and preempt Rule 4(e). See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699-700 (1988) (Hague Service Convention applies when state law mandates transmittal of judicial documents for service abroad); Golub v. Isuzu Motors, 924 F.Sup. 324, 326 (D.Mass. 1996) (Hague Service Convention applies to Rule 4(e) of the Massachusetts Rules of Civil Procedure). The Hague Convention applies “in all cases . . . where there is occasion to transmit a judicial or extrajudicial document for service abroad.” Volkswagenwerk, 486 U.S. at 699. The fact that The Netherlands has not objected to Article 10(a) of the Hague Service Convention is of no consequence.[10]
Rule 4(j) of the Rules of Civil Procedure requires that Chenlen serve process on KPE within ninety days of the filing of his Amended Complaint or show good cause if such service was not made. Good cause is “ ‘a stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992), quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D.La. 1985). “The focus of the court’s inquiry [as to good cause] is the reasonableness and diligence of counsel’s effort to effect service within the time required.” Shuman v. Stanley Works, 30 Mass.App.Ct. 951, 952-53 (1991). “The only example of good cause provided by the legislative history is the obvious one of a defendant’s evasion of service.” Id., quoting Wei v. State, 763 F.2d 370, 371 (9th Cir. 1985). As an alternative to showing “good cause” under Rule 4(j), the plaintiff may ask the court for an extension or enlargement of time “for cause” as long as the request is made before the expiration of the period originally prescribed. Mass.R.Civ.P. 6(b)(1). Finally, the plaintiff may after the expiration of the period originally prescribed, seek an extension of time if his failure to act within the prescribed time was due to excusable neglect. Mass.R.Civ.P. 6(b)(2). Excusable neglect “means that a party’s failure to act within required time periods under one or another of the rules is the result of reasonable excuse.” Motta v. Schmidt Mfg. Corp., 41 Mass.App.Ct. 785, 791 (1996).
Chenlen has not served process within the required ninety days nor has he shown good cause for failing to make timely service. In light of Chenlen’s failure to comply with the Hague Service Convention, his argument that the USPS lost the mailings in which he attempted to serve process on KPE by International Registered Mail does not provide good cause for the absence of timely service on KPE. In addition, Chenlen learned that the USPS had “lost” his mailings to KPE on October 12, 2005. He had approximately forty additional days to serve process before the ninety-day period under Rule 4(j) ended, and he made no effort to do so or seek an extension of time to accomplish service during that period under Rules 6(b)(1) and (2). Because Chenlen did not serve process on KPE in a timely manner nor show good cause for his failure to do so, he may not be allowed additional time to serve process on KPE. The plaintiffs current attempt to make service is simply too late. Accordingly, the plaintiffs motion to appoint a special process server is DENIED, and the defendants’ motion to dismiss the *658 Amended Complaint as to KPE for insufficient service of process is ALLOWED.

ORDER

For the foregoing reasons, it is hereby ORDERED that:
1) The motion to dismiss Counts I, II, V, and VI for lack of standing is DENIED.
2) The motion to dismiss Counts III and IV for lack of standing is ALLOWED.
3) The motion to dismiss Count I for failure to plead fraud with particularity is DENIED.
4) The motion to dismiss Count I for failure to state a claim upon which relief can be granted is DENIED.
5) The motion to dismiss Count II for failure to state a claim upon which relief can be granted is DENIED.
6) The motion to dismiss Count V for failure to state a claim upon which relief can be granted is DENIED.
7) The motion to dismiss Count VI for failure to state a claim upon which relief can be granted is DENIED.
8) The motion to dismiss the Amended Complaint as to Koninklijke Philips Electronics, N.V. -for insufficient service of process is ALLOWED.
9) All claims against Philips Lighting Company are dismissed with prejudice.
10) The plaintiffs motion to appoint a special process server is DENIED.

 Chenlen alleges that Philips made the following representations on the three packages of lighting products he purchased:
For Marathon Universal light bulbs: “Lasts 7 Years* Guaranteed. See back for details.**” On the back of the package, Philips represents: (1) “Lasts 7 years when used 3-4 hours per day” and (2) “**Based on reasonable household usage, when used in accordance with package and bulb directions!.]”
For Halógena Classic light bulbs: “Lasts2years. *Seeback panel for details or call 1-800-555-0050.” On the back of the package, Philip represents: (1) “3000 Hrs. Avg. Rated Life”; and (2) “*LIFE GUARANTEE: Based on reasonable household usage”; and (3) “(4 hours average usage per day/7 days per week).”
For DuraMax Soft White Classic Light bulbs: “Lasts 1 Year.* *See bottom panel for details.” On the front or bottom of the package, Philips represents: (1) “Life 1500 HOURS”; and (2) cc*Lasts 1 year based on 4 hours average usage per day/7 days per week."

 Under the Massachusetts Uniform Commercial Code: “fa]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.” G.L.c. 106, §2-313(l)(a) (1999).

 Under the Massachusetts Uniform Commercial Code: “a warranty that the goods shall be merchantable is implied in the contract for their sale if the seller is a merchant with respect to the goods of that kind.” G.L.c. 106, §2-314(1) (1999).

 The regulations are as follows:
940 Code Mass. Regs. 3.05(1):
No claim or representation shall be made by any means concerning a product which directly, or by implication, or by . . . failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect.. ., [including] representations or claims relating to the . . . life expectancy of such product. . .
940 Code Mass. Regs. 3.03(2):
No “statement or illustration shall be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered ...”
940 Code Mass. Regs. 3.16(2):
Failure “to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction” is unfair or deceptive act or practice;
and 940 Code Mass. Regs. 3.03(7):
Where “guarantees employed in such a manner as to constitute representations of material facts, the guarantor not only undertakes to perform under the terms of the guarantee, but also assumes responsibility under the law for the truth of the representations made.”

 Mass.R.Civ.P. 9(b) states:
In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

 An “included transaction” consists of a purchase or lease of goods, services, or real or personal property. Slaney, 366 Mass. at 701. It is undisputed that the transactions at issue in this case are included transactions.

 In its motion to dismiss, Philips argued that the claims asserted against PLC and KPE must be dismissed under Mass.R.Civ.P. 12(b)(8) and Mass.R.Civ.P. 4 for misnomer of a party and improper service of process. At the hearing on this motion, the plaintiff agreed to the dismissal of all claims against PLC with prejudice.

 Mass.R.Civ.P. 4(j) requires that service of the summons and complaint be made on the defendant within ninety days after filing of the complaint and allows the court to dismiss the action without prejudice if the plaintiff cannot show good cause why such service was not made within that period.

 Mass.R.Civ.P. 4(e) provides:
When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

 See Eli Lilly & Co. v. Roussel Corp., 23 F.Sup.2d 460, 469-71 (D.N.J. 1998) (United States State Department interprets Article 10(a) as allowing for service of process by mail); Golub, 924 F.Sup. at 327 (Article 10(a) merely provides a method for sending subsequent documents after service of process has been accomplished by some other means).