Tucker, Richard T., J.
Procedural Background
This is a civil action in which the plaintiff, Salter College: A Private Two-Year College, LLC (“Salter”) seeks a declaration pursuant to G.L.c. 231A that an amendment to the City of Worcester Revised Ordinances establishing the resident-only parking program (“RPP”) on or about 155 Ararat Street and Indian Hill Road, Worcester, Massachusetts is invalid. The action was originally filed by Salter as the sole plaintiff against the City of Worcester, its City Manager and the City Solicitor. That complaint, in addition to seeking a declaration that the entire subject amendment was invalid, sought to compel the production of documents alleged to have been withheld by the City in response to the plaintiffs Freedom of Information Act request. Salter alleged therein, that the entire amendment was invalid for faulty publishing of notice of the proposed amendment to the ordinance as required by the City Charter, invalid as being inconsistent with the City’s own guidelines for resident-only parking programs and invalid as not being rationally related to a legitimate government purpose or objective. The defendant defended each said claim. Through various rulings by the Court, amendments to the Complaint and stipulations of counsel made prior to trial, this action was tried without jury on September 3 and September 4, 2009 with Salter and Campus Realty Group, Inc. as plaintiffs and the City being the sole defendant. The sole issue tried under plaintiffs Second Amended Complaint was whether the ordinance amendment’s restriction to resident-only parking on that portion of Indian Hill Road (both sides), which abuts the plaintiffs property, is valid as furthering a legitimate governmental objective. The plaintiff sought a declaration of the invalidity of the amendment as it was applied to that area directly abutting the plaintiffs property and injunctive relief prohibiting the City from enforcing the RPP in that area. The City sought a declaration that the amendment was valid in all respects.

Findings of Fact

I find the following facts generally, reserving more specific findings for the discussion and rulings of law set forth hereafter.
Plaintiff, Salter College: A Private Two-Year College, LLC (“Salter”) is a for-profit educational institution which established itself in Worcester at 155 Ararat *315 Street pursuant to a use variance granted by the Worcester Zoning Board of Appeals in 1981. Salter first operated as Salter Secretarial School, then The Salter School, and lastly, Salter College, at the property leased from the co-plaintiff Campus Realty Group, Inc. (“Campus”). Campus is a Massachusetts corporation and at all times relevant herein has been the owner of the said property and the lessor to the plaintiff Salter.
For reasons more specifically addressed hereinafter, Salter, since November 2006, has relocated to premises at 184 West Boylston Street, West Boylston, Massachusetts.
The Salter property in issue is a large corner lot on the southerly side of Ararat Street at the intersection of Ararat Street and Indian Hill Road. Although its address is 155 Ararat Street the building, once a public school operated by the City of Worcester and containing over 27,000 square feet, actually fronts on Indian Hill Road.
Salter has currently vacated the premises and during the school year 2008-2009 the premises were sublet to the Abbey-Kelley Foster Charter Public School. However, Salter continues to hold a lease interest in the property and expresses plans to return some of its programs to the site in the future.
As a result primarily of Salter increasing its programs and student enrollment during the years 2003 to 2006, the number of student commuters exceeded the amount of on-site parking then in existence and students were forced, by necessity, to park on the surrounding streets.[1] This impact on the neighborhood created inconvenience in varying degrees to the surrounding residential homeowners and opposition grew from these Indian Hill area residents. Meetings of the residents and local city councilors were conducted resulting in two councilors filing a petition to the Worcester City Council to amend the City of Worcester Revised Ordinance to require that parking on Indian Hill Road and Ararat Street be limited to residents only between 7:00 a.m. and 7:00 p.m., Monday through Friday. On November 29, 2005, the City Council ordained the amendment to the ordinance, with a further amendment to include the language “except holidays.” (Hereinafter the “Amendment.”) The restricted portion of Indian Hill Road includes the area running the entire length of the lot line of the property of the Salter site, as well as an area along a small triangular parcel of land (the “memorial” area) on the opposite side of Indian Hill Road. The memorial area is a triangular-shape parcel bordered by Indian Hill Road, Marcone Road and Watt Road and is directly across from Salter. The owner of the memorial parcel is the plaintiff Campus.
Once the RPP was initiated, the effect was immediately noticeable to the Indian Hill area residents. Students of Salter who violated the resident-only restrictions found their vehicles ticketed and/or towed. Traffic congestion in and around the school lessened and the residents, who purchased annual RPP permits, thus enjoyed curbside parking as well as parking in their garages and driveways to accommodate their motor vehicles.
The impact of the RPP on Salter and its student body weis equally as dramatic and immediate. Not only did students no longer have convenient places to park while they attended school, visitors or parents, spouses or friends who were merely dropping students off or picking up students could not park their car for short periods on Indian Hill Road, not even directly in front of the school’s entrance or across the street at the memorial site, both areas of which were restricted to residents only.
While contesting the validity of the Amendment in Court, Salter took steps to ameliorate its impact by seeking alternative off-site parking areas which it obtained for a limited period at St. George’s Church and the Saint Gobain Abrasives, Inc. properly. The use of both of these areas required Salter to run shuttle transportation from the parking lots to the school. The parking privileges at these lots resulted in expense to Salter.[2] While temporarily filling a crucial need, St. George’s and Saint Gobain parking were not permanent fixes and after a period of time (approximately one year) even these areas became unavailable for parking. After making a search for other areas within Worcester to relocate its operation, Salter eventually moved its school to a West Boylston site in November of2006. In doing so Salter continued to retain its lease interest in the 155 Ararat Street site. It would like to return some of its programs to that site at a future date.
Testimony by numerous Indian Hill area residents confirmed that after the RPP was enacted none of the testifying residents (six in number) had ever experienced any need to park in the RPP areas adjacent to the Salter site on Indian Hill Road or across the street adjacent to the memorial site since the program’s enactment. One resident however, Diane Schiavone of 117 Indian Hill Road, testified that eight of her customers to her own day care business at her premises received tickets for parking in front of her home for short periods of time in violation of the RPP. She testified that she did not purchase RPP permits for the current year as the parking in her driveway was sufficient for her own needs and on occasion she parks “illegally at the memorial property.”

DISCUSSION AND RULINGS OF LAW

1. Standing. The City asserts that generally only a party who has or will suffer a “legally cognizable injuiy, is . . . entitled to initiate judicial resolution of the controversy.” When alleging that a wrong has been suffered as a result of a governmental act or policy, the City maintains that “[a] party has standing when it can allege an injuiy within the area of concern of the statute or regulatoiy scheme under which the injuri *316 ous action has occurred.” See, Enos v. Sec’y of Environmental Affairs, 432 Mass. 132, 135 (2000).
As neither Salter nor Campus currently occupy the premises a declaration by the Court regarding the validity of the Amendment would not, it is argued by the City, have any immediate impact on the rights of the parties. It is further argued that even if the plaintiff Salter at one time arguably suffered injuiy due to the Amendment, by no longer occupying the premises standing has been lost. This argument overlooks the clear inferences that the Court makes from the facts established by plaintiffs witnesses: Salter left the premises and Campus thus lost the productive use of its property because of the impact that the Amendment and the decreased parking for students and visitors had on their operations. Additionally, both Salter and Campus credibly set forth their desire to once again establish at least some Salter programs at the site if the parking problem could be resolved.[3] To this end, Salter has secured rights from Campus to return to the site despite its present relocation to West Boylston. This injury or hardship is real and impacting both parties currently.[4] Compare, Pratt v. Boston, 396 Mass. 37, 44 (1983) (in a “ten taxpayer suit” the court found no actual injuiy where it was alleged the City was wrongfully “about to . . . expend money” in allowing commercial concerts on the Boston Common); Doe v. The Governor, 381 Mass. 702, 704 (1980) (“only persons who have themselves suffered, or who are in danger of suffering legal harm can compel the courts to assume the . . . duty of passing upon the validity of the acts of. . . the government”); Mass. Assoc. of Ind. Ins. Agents and Brokers, Inc. v. Commr. of Ins., 373 Mass. 290, 293-96 (although business competition injury normally not sufficient to confer standing, where the challenge is to governmental action threatening a party’s competitive position in a regulated industry standing exists). Plaintiffs Salter and Campus have standing to seek declaratoiy relief.
2. Legitimate governmental objective. In its most basic form, this action seeks a declaration whether the parking restrictions of the Amendment restricting parking to residents only on that part of Indian Hill Road that Salter College fronts upon and directly across the street adjacent to the memorial parcel bear a rational relation to a legitimate government objective.
It was made clear at trial that the residents of the Indian Hill Road do not need to utilize parking in front of Salter College or across the street at the memorial parcel. Each resident household may purchase one RPP permit for each registered vehicle in the household plus one additional visitor permit.[5] Thus with the preferred resident parking in front of their residences and in garages and driveways, each of the six resident witnesses who testified for the City admitted that they have no need to park adjacent to or across the street from the Salter College.
This lack of need for resident parking at commercial sites is reflected in the “City of Worcester RPP The Residential Permit Parking Program” brochure that is distributed on request to residents of Worcester by the City’s Parking Administration Office. In this brochure it explains that streets that are public and residential in nature are eligible for the RPP program. It also states that “City streets which are designated as PRIVATE, development streets, alleys, driveways, etc. are not eligible. Commercial and mixed use streets are not eligible.” (Emphasis added.) Joseph Borbone, the City-Director of Engineering, who drafted the brochure in Januaiy 1996 as the Director of Traffic Engineering testified, and I so find, that Indian Hill Road, in the area of Salter College is a mixed use street.
Of the current 155 RPP zones in the City, only two other locations impose resident parking only restrictions in front of businesses: F ruit Street by the Worcester Tennis Club and Belmont Street by Memorial Hospital (opposite street parking only restricted). Mr. Borbone explained that usually resident parking only restrictions are imposed in front of residential properties but that these few exceptions exist despite the language of his brochure that mixed use areas were not eligible for the RPP program. Additionally he testified that customarily only the hours of parking in front of commercial premises in predominately residential neighborhoods was restricted.
Captain John R. Harrington, Commanding Officer of the Traffic Division, Worcester Police Department testified that he was aware of no public safety or police concern requiring the restricting of parking in front of Salter College or across the street at the memorial parcel. Congested traffic or parking often presents view obstruction concerns, he testified, but these obstructions would be the same whether students, visitors or residents (under the RPP program) were parking in front of the college. Designating this area as resident parking only does not remedy this concern.
Resident parking restrictions should be upheld if they are rationally related to a legitimate government objective. Commonwealth v. Petralia, 372 Mass. 452, 455 (1977). Parking regulation is the proper subject of a municipality’s powers if it does further such a legitimate objective. Commonwealth v. Dobbins, 344 Mass. 272, 274 (1962). Here the City failed to prove by a preponderance of the credible evidence that a legitimate government objective for restricting parking in front of the Salter College and across the street to only residents (and not Salter teachers, students, parents of students or visitors).[6] Any alleged safety concerns created by parking in this area are the same for resident parking or otherwise. The RPP program brochure and the City’s overwhelming use of the program at other sites establish that it is not intended to be used at commercial or mixed use sites. Here as a factual matter there exists no justification for extending the RPP program restrictions to the roadway front *317 ing Salter College and the memorial parcel on Indian Hill Road.

ORDER FOR JUDGMENT

For the above stated reasons I order that judgment enter in favor of the plaintiffs against the defendant,
1) declaring that the Amendment to the City of Worcester Revised Ordinances is invalid to the extent that it restricts parking to residents only on both sides of Indian Hill Road adjacent to the properly located at 155 Ararat Street. The resident only parking restriction of the Amendment in that area is stricken;
2) permanently enjoining the City of Worcester from enforcing the Amendment to the extent that it restricts parking to residents only on both sides of Indian Hill Road adjacent to the property located at 155 Ararat Street.

 Another issue that contributed to the parking problem were the parents and friends of those participating in baseball and football leagues at the field abutting the Salter property on its west side who became used to parking vehicles at the on-site school lots. As enrollment increased, limiting or halting the use of these premises by those attending the games or practices became problematic.

In addition to the costs of the shuttle service of vans and buses, rental payments were paid to Saint Gobain; maintenance and snow removal services were provided by Salter to St. George’s Church in “payment” for parking privileges.

Plaintiffs offered evidence of their submission of two on-site parking plans for approval. The denial of these plans by the City of Worcester Planning Board is currently under appeal. Although reference was made to these denials as evidencing a determination on the part of the City that Salter not be permitted to return to the site, this Court makes no such finding as such is unnecessary to decide the issue presented.

Thomas Keefe, President of Campus Really Group, Inc. also testified of his futile attempts to sell the properly after the passage of the RPP. He attributed this to the impact of resident only parking.

One Indian Hill Road resident testified that at one time within her household there were five (5) resident permits plus one (1) guest or visitor permit.

Captain John Harrington testified that Indian Hill Road at the Salter property was wide enough for parking on both sides of the road and that site line issues affecting emergency vehicles, vehicle passage etc. would be the same whether the parked vehicles were of residents or students.